## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF DEFENSE, <br> 1400 Defense Pentagon <br> Washington, DC 20301, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Defense to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.  Defendant U.S. Department of Defense ("DoD" or "Defendant") is an agency of the United States government headquartered at 1400 Defense Pentagon, Washington, DC 20301. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

*A. FOIA Request to DARPA*

5.  On November 7, 2025, Plaintiff submitted a FOIA request intended for the Defense Advanced Research Projects Agency ("DARPA"), a component of Defendant, via the FOIA.gov online FOIA portal. The request sought access to:

> All biodefense and gain-of-function (GoF) funding proposals submitted to the DARPA Biological Technologies Office (BTO) prior to December 2019.

6.  On November 7, 2025, Plaintiff received confirmation via the FOIA.gov portal that the request had been submitted successfully and assigned submission ID number 2506651.

7.  However, the FOIA portal confirmation page also showed that the request was inadvertently misdirected to the Defense Threat Reduction Agency ("DTRA"), another component within DoD.

8.  According to DARPA's website, DARPA FOIA requests should be submitted to the Office of the Secretary of Defense ("OSD") for processing. *See* https://www.darpa.mil/policies/foia.

9.  Additionally, under DoD regulations, a DoD component receiving a misdirected FOIA request for records clearly originating with another DoD component is required to re-route the FOIA request to that DoD component and inform it of the date the request was initially

received.  32 C.F.R. 286.3(c).  The component to which the request is re-routed then has an additional ten working days from the initial date of receipt by DoD in which to provide a response.  32 C.F.R. § 286.8(a).  *Id.*

10.     The request clearly sought records originating with DARPA because the request referenced DARPA by name.  Accordingly, DTRA was obliged to re-route the request to OSD for processing on behalf of DARPA, and OSD had an additional ten working dates from the date of receipt by DTRA to provide a response.

11.     Since the acknowledgement of receipt by DTRA on November 7, 2025, Plaintiff received no communication from DTRA, OSD, or DARPA about the request.

### B.  FOIA Request to DTRA

12.     On November 7, 2025, Plaintiff submitted a second request to Defendant component, Defense Threat Reduction Agency, via the agency's online FOIA portal, seeking access to:

> All biodefense and gain-of-function (GoF) funding proposals submitted to the Defense Threat Reduction Agency (DTEA) (sic) prior to December 2019.

13.     On November 7, 2025, Plaintiff received confirmation via the agency's online FOIA portal that the request was successfully submitted to DTRA and assigned submission ID number 2506686.

14.     Plaintiff has received no further communication from Defendant regarding the DTRA request.

15.     As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with Plaintiff's requests; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the

requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

16. Plaintiff realleges paragraphs 1 through 15 as if fully stated herein.

17. Defendant is in violation of FOIA.

18. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

19. Plaintiff has no adequate remedy at law.

20. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's DTRA request by December 9, 2025 and Plaintiff's DARPA request by December 23, 2025, at the latest.  Because Defendant failed to make a final determination within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: February 11, 2026

Respectfully submitted,

*/s/ Meredith Di Liberto*
MEREDITH DI LIBERTO
D.C. Bar No. 487733
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel: (202) 646-5172
Email: mdiliberto@judicialwatch.org

*Counsel for Plaintiff*